**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

vs.                                                        Case No. 3:06-cv-965-J-32MCR
                                                                    3:04-cr-121-J-32MCR

MOISES ARDILLA-TEPETATE,

        Petitioner/Defendant.

## ORDER[1]

This case is before the Court on Petitioner Moises Ardilla-Tepetate's ("Ardilla-Tepetate") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Doc. 1.)  On January 29, 2007, the government filed a Response, (Doc. 8), and Ardilla-Tepetate filed a reply thereto on February 26, 2007. (Doc. 11.)  Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

After a jury trial, Petitioner was found guilty on January 28, 2005 of: (1) conspiracy to distribute methamphetamine; and (2) distribution of methamphetamine within 1,000 feet of a school.  (Crim. Doc. 146.)  Further, the jury returned a special verdict finding Petitioner responsible for distributing "50 grams or more (actual or

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

pure), or 500 grams or more of a mixture containing a detectable amount of methamphetamine." (Id.)  On April 28, 2005, Petitioner was sentenced to 120 months' imprisonment, the mandatory minimum, (Crim. Doc. 179), and judgment entered May 5, 2005.  (Crim. Doc. 184.)  The Eleventh Circuit affirmed both the conviction and the sentence, (Crim. Doc. 251), and the United States Supreme Court denied certiorari on June 5, 2006.  Ardilla-Tepetate v. United States, 126 S.Ct. 2365 (2006).

Petitioner filed this § 2255 action on November 3, 2006, claiming two grounds for relief: (1) The District Court erred at the sentencing stage for failing to make adjustments for acceptance of responsibility and minor participant, as well as the amount of drugs attributed to him under the guidelines, and (2) Petitioner's counsel was constitutionally ineffective for failing to raise the claims in (1) at sentencing or on direct appeal.

**I.  Alleged Sentencing Errors**

Petitioner claims that the Court miscalculated his sentence under the advisory guidelines by failing to provide  acceptance of responsibility and minor role adjustments.  (Doc 1 at 5-6.) He also claims that the mandatory minimum sentence was not applicable because a lower drug amount should have been used (specifically, the 3.1 gram sample of methamphetamine Petitioner actually delivered). (Doc 1 at 8.)  However, Petitioner is barred from raising these issues for the first time

2

on collateral attack. "Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing United States v. Frady, 456 U.S. 152, 165 (1982)). A defendant must assert all available claims on direct appeal. Id. Further, nonconstitutional claims can only be raised on collateral review when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)).

Because Petitioner here did not directly appeal these sentencing issues and these nonconstitutional claims do not amount to a "miscarriage of justice," Petitioner is procedurally barred from raising them for the first time on collateral review via a § 2255 motion. However, even if the claims were not procedurally barred, they would be unsuccessful for the same reasons Petitioner cannot satisfy the "prejudice" prong of his Sixth Amendment ineffective assistance claim (see below).

## II. Ineffective Assistance of Counsel

Petitioner further claims that his Sixth Amendment right to the effective assistance of counsel was violated when his counsel failed to raise the above sentencing issues in his direct appeal. (Doc. 1 at 9.) An allegation of ineffective assistance of counsel must normally be raised by collateral attack. Mills v. United

States, 36 F.3d 1052, 1055 (11th Cir. 1994). To establish an ineffective assistance of counsel claim a defendant must demonstrate: (1) "that counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984); and (2) that the defendant was prejudiced by the deficiencies in counsel's performance. Id. at 691-92. Judicial scrutiny of counsel's performance must be highly deferential. Id. at 689. The proper assessment of attorney performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. However, a court need not address the adequacy of counsel's performance where the defendant has failed to show sufficient prejudice. Strickland, 466 U.S. at 697; Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001). To satisfy the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Here, Petitioner's sentence under the advisory guidelines was calculated at 188-235 months. (Crim. Doc. 200.) However, this Court sentenced Petitioner to 120 months, the mandatory minimum. (Crim. Doc. 179.) Even if the Court had adjusted Petitioner's offense level downward by two levels for acceptance of responsibility and another two levels for minor role, the Petitioner's guidelines range would have been

121-151 months.  Petitioner received a 120 month sentence, a sentence one month below the advisory guidelines even if all of the adjustments requested by Petitioner were credited.   This was the minimum punishment allowed by law under the circumstances.  Therefore, Petitioner cannot show any prejudice under Strickland resulting from counsel's failure to secure acceptance of responsibility and minor participant adjustments to his guidelines calculation.

Petitioner also asserts that his counsel was ineffective for failing to challenge the drug quantity attributed to him under the advisory guidelines.  In their verdict, the Jury specifically found, beyond a reasonable doubt, that Ardilla-Tepetate was responsible for distributing "50 grams or more (actual or pure), or 500 grams or more of a mixture containing a detectable amount of methamphetamine." (Crim. Doc. 146.) Therefore, any objection that counsel might have made regarding the amount of drugs attributable to Petitioner for purposes of sentencing would have been fruitless.  The Court was bound by the ten year minimum mandatory sentence required by the jury verdict. (Crim. Doc. 194 at 86.)   Therefore, Petitioner cannot show any prejudice resulting from counsel's representation as it relates to the drug amount attributable to him at sentencing.

Accordingly, it is hereby **ORDERED**:

1. Moises Ardilla-Tepetate's Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED WITH PREJUDICE**.  The Clerk

shall enter judgment in favor of the United States and against Moises Ardilla-Tepetate, and close the file.

**2.**     Moises Ardilla-Tepetate's Motion for Leave to Proceed in Forma Pauperis (Doc. 5) is **DISMISSED AS MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of September, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

jcd.
Copies:

counsel of record
pro se party